BOUDIN, Chief Judge,
concurring in the judgment.
No single ritual has been prescribed for advising the jury that a factual issue has been stipulated to by the parties. In some cases a written stipulation is introduced; in others, the jury is merely informed; and no fixed rule exists as to timing. Surely if the parties are content and the pertinent information is conveyed, this is a matter that should be left to the informed discretion of the district judge.
The parties in this case agreed that the defendant had a prior felony conviction and the gun had moved in interstate commerce. They signed and filed a stipulation to this effect listing the specific felonies. The government in opening argument told the jury as to what had been stipulated, without identifying the three specific felonies — an omission helpful to the defendant. In the instructions, the judge repeated the substance to the jury.
The defendant did not object either to the opening statement or the court’s handling of the matter at the instruction stage and even on appeal cannot explain how he was disadvantaged by the procedure followed, arguing instead that there was “no evidence” as to the stipulated facts. Of course, the point of a stipulation is to avoid the need to present evidence of an uncontested fact.
Merely to read the panel opinion is to confirm that no settled rule exists as to how the jury is to be informed of a stipulation. And, in the absence of a governing rule or some prejudicial action, what the district judge did was assuredly not “error.” Nor is there any indication of any “standard practice” — whatever this may mean — or that the district judge departed from what the parties intended.
If a recurring problem were presented as to handling of stipulations, it might be acceptable to say that — though there was no error — the matter ought in the future to be handled in a different way. But no such problem exists. Manufacturing more unnecessary “law,” of which there is already no shortage, merely creates new traps for trial judges and litigants who are trying to get their jobs done under pressures far exceeding our own.